Dear Representative Hudson:
Your request for an opinion has been forwarded to our office. Your request, submitted on behalf of the Plaisance Water System, Inc., asks whether a meeting and subsequent election replacing the existing board members was valid and enforceable.
The facts presented in this request state that complaints about the quality of the water and service were conveyed to the presiding board, and after no action was taken, a petition was circulated and signed by ten percent of the members calling for an annual meeting. The proper notice was filed including the purpose of the meeting, which was to elect five board members. The meeting was consequently held, and a new five-member board was elected. The board presiding before the election has refused to relinquish power stating that the meeting was not legal, thus making the election null and void.
In order to determine the validity of the new board, I have reviewed a copy of the corporation's Articles of Incorporation and Bylaws. By the facts presented, the meeting called was executed properly. Bolstering the validity of the meeting are the following facts: the requisite ten (10) percent of members signed the petition calling for the meeting: a copy of the notice of the meeting was sent to members; the nature, time, place, and purpose of the meeting was included in said notice, the notice was sent within the prescribed time period.
Under the bylaws, a board member "shall hold office for the term for which he was elected and until his successor shall have been elected and qualified." If the preexisting board members terms of office had expired, the election of the new board seems to be valid. The preexisting board of directors would thereby have been replaced and the new board should assume responsibilities enumerated in the corporated bylaws. However, if a preexisting board member's term had not yet expired, then he must first be voted out of office by the removal procedures specified in Article VIII, Section 6 of the bylaws before he is replaced. Removal procedures could be executed at the next meeting and the election of the vacancy would then immediately follow.
It would appear by the facts submitted that the terms had all long since expired in view of the facts that no general meeting was held in twenty-eight years and no monthly meeting was held in eighteen months. Thus, the board was legitimately replaced and removal measures were not necessary. If this is the case, the preexisting board should immediately relinquish its power and allow the newly elected board to preside.
I hope this addresses your questions. Should you have any questions or comments, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ CHARLES H. BRAUD, JR. ASSISTANT ATTORNEY
RPI:CHB, JR./mjb